409 So.2d 682 (1981)
Anne Smith ABERNATHY, et al.,
v.
Richard W. VARNADO, et al.
No. 14522.
Court of Appeal of Louisiana, First Circuit.
December 22, 1981.
Rehearing Denied February 18, 1982.
Writ Denied April 27, 1982.
*683 Douglas R. Cyrex, Gonzales, for plaintiff and appellant.
Howard P. Elliott, Jr., W. Arthur Abercrombie, Jr., Baton Rouge, John A. Lieux, Gonzales, for defendant and appellee.
Before ELLIS, LOTTINGER and PONDER, JJ.
PONDER, Judge.
Plaintiff appealed from the dismissal of her suit for damages on an exception of no cause of action.
The sole issue is whether plaintiff's petition sets forth a cause of action.
We affirm.
Plaintiff filed suit individually, and on behalf of her minor children for damages resulting from the wrongful death of her husband, who was killed in an automobile accident with an uninsured driver, Varnado. Varnado's automobile carried a Louisiana Motor Vehicle Inspection sticker issued by Lamar Lane Chevrolet. Defendants were Varnado, Lamar Lane Chevrolet, Inc., and the State of Louisiana through the Department of Public Safety.
Defendants, Lamar Lane and the Department of Public Safety, filed exceptions of no cause of action. The court minutes show that these exceptions were maintained. A judgment was signed on January 13, 1981, which sustained the exception of Lamar Lane and dismissed the action against it. No mention was made of the Department of Public Safety.
Plaintiff appealed from the judgment of January 13, 1981, but assigned as error the dismissal of the suit as to Lamar Lane and the Department of Public Safety. Because there is no final judgment as to the Department of Public Safety, we cannot consider *684 plaintiff's argument relative to it.[1]Miami Truck & Motor Leasing Co. v. Dairyman, Inc., 263 So.2d 110 (La.App. 1st Cir. 1972).
To decide an exception of no cause of action, the court must look to the face of the petition; no extraneous allegations or evidence can bolster a petition which does not, on its face, set forth a cause of action. Louisiana Code of Civil Procedure, Article 931, Adserv Corp. v. Lincecum, 385 So.2d 432 (La.App. 1st Cir. 1980). However, every reasonable interpretation must be afforded the petition's language so as to maintain the sufficiency of the petition and furnish plaintiff a day in court. Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975). All well-pleaded facts are accepted as true and all doubts are resolved in favor of the sufficiency of the petition. Johnson v. Edmonston, 383 So.2d 1277 (La. App. 1st Cir. 1980).
The petition states:
"* * *

VI.
This accident was caused solely by the negligence of RICHARD W. VARNADO, due to certain acts or ommissions (sic) which include, but are not limited to the following:
* * * * * *
AND, Defendant, LAMAR LANE CHEVROLET, INC., due to certain acts or ommissions (sic) which include, but are not limited to the following:
1) Negligently failing to comply with Louisiana Law R.S. 32:1301-1310, the rules and regulations promulgated by the office of State Police of the Louisiana Department of Public Safety and other laws governing Motor Vehicle inspection stations and motor vehicle liability security laws required to enforce said compulsory security.
2) Negligently allowing employees to inspect non dealer vehicles.
3) Negligently issuing a motor vehicle inspection sticker to an un-insured (sic) motorist, namely RICHARD W. VARNADO and a 1978 Chevrolet, bearing sticker # 350522.
4) Negligently and fraudulently falsifying dealer records required of motor vehicle inspection stations and allowing the aforesaid uninsured motorist to aperate (sic) a motor vehicle on Louisiana highways.
5) Breached a duty owed to other motorist (sic) under the law in failing to ascertain that at the time of inspection the aforementioned vehicle inspected was covered by liability security and failure to protect other motorists from uninsured motorists operating a motor vehicle on Louisiana Highways.
6) Negligently failing to secure form DPSSP4240 (R 11/78) required by inspection stations to show liability security of RICHARD W. VARNADO."
The only relationship between Lamar Lane and the accident by plaintiff's petition was the wrongful issuance of an inspection sticker to an uninsured motorist. Plaintiff's injury from the wrongful act was the inability to recover from an uninsured tortfeasor.
The purpose of the motor vehicle inspection laws, LSA-R.S. 32:1301-1310, is to keep vehicles in safe running condition. Since the petition does not indicate that Varnado's auto was defective in any way, we do not find that any violation of LSA-R.S. 32:1301-1310 states a cause of action against Lamar Lane.
Although inspection stations have a duty to obtain a form from persons getting their vehicles inspected stating that they have liability coverage,[2] the inspection station *685 has no enforcement power to keep an uninsured vehicle off the highways. A driver could falsely fill out the liability form, or let his coverage lapse. Even if a driver did not fill out the form and was unable to receive a valid inspection sticker, that fact in itself, would not keep the driver and his vehicle off of the highways.
Since the non-issuance of the inspection sticker would not have prevented Varnado from operating his car, without insurance, it is doubtful that the wrongful issuance of an inspection sticker was a cause in fact of the injury. It was certainly not a substantial factor in bringing about the harm. Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962).
Further, because there is no statutory duty in an inspection station to keep uninsured motorists off the highway, and the only affirmative duty is to provide the forms affirming liability coverage, the claimed cause of the injury (the issuance of the inspection sticker) did not sufficiently contribute to the injury to create liability in Lamar Lane. See Frank v. Pitre, 353 So.2d 1293 (La.1977). The purpose of any duty imposed on Lamar Lane to obtain a form confirming liability coverage did not include within its scope the protection of third persons injured by the uninsured motorist. See Guillot v. State, Through La. State Police, 364 So.2d 254 (La.App. 3rd Cir. 1978), writ denied 366 So.2d 576.
For these reasons, we affirm the trial court's judgment at plaintiff's cost.
AFFIRMED.
NOTES
[1] La.C.Civ.P. Art. 1911:

"Except as otherwise provided by law, every final judgment shall be signed by the judge. For the purpose of an appeal as provided in Article 2083, no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled."
[2] LSA-R.S. 32:862:

"In accordance with rules and regulations of the secretary and on forms furnished by him, each person who applies for registration of a self propelled motor vehicle, or applies for a motor vehicle inspection tag, shall declare in writing that the motor vehicle is covered by security as required by this Chapter and that he or she intends to maintain said security at all times while said vehicle is used upon the highways of Louisiana. Said applicant shall furnish for inspection by the secretary or his designee upon written demand documentary evidence of the required security.
* * *"