449 So.2d 1186 (1984)
NORTH CENTRAL UTILITIES, INC., Plaintiff-Appellant,
v.
EAST COLUMBIA WATER DISTRICT, Defendant-Appellee.
No. 16195-CA.
Court of Appeal of Louisiana, Second Circuit.
April 30, 1984.
*1187 Joe D. Guerriero, Monroe, for plaintiff-appellant.
Cameron C. Minard, Columbia, for defendant-appellee.
Before HALL, JASPER E. JONES and SEXTON, JJ.
HALL, Judge.
The plaintiff, North Central Utilities, Inc., filed a petition in accordance with LSA-R.S. 9:4209 seeking to have an arbitration award in the amount of $25,061.72 in its favor against the defendant, East Columbia Water District, recognized and made the judgment of the district court. The defendant water district filed a peremptory exception of no cause and no right of action which the trial court sustained after a hearing at which evidence was taken. From a judgment dismissing its suit with prejudice at its cost, the plaintiff appealed. We reverse and remand.
The plaintiff alleged the existence of a contract between itself and the defendant and that the provisions of the contract require the parties thereto to submit all claims and disputes relating to the contract to arbitration with the American Arbitration Association. The plaintiff further alleged that in compliance with the provisions of the contract it followed the arbitration procedure provided for under the Construction Industry Arbitration Rules of the American Arbitration Association in the submission of its claim against the defendant to the arbitrator. The plaintiff also alleged compliance with arbitration rules regarding notice to the defendant and that following a hearing at which the defendant did not appear, the arbitrator made an award of $25,061.72, plus arbitration fees and expenses. The plaintiff prayed that the arbitration award be recognized and made the judgment of the court, and that the defendant be ordered to pay the amount of the award.
The evidence offered over the plaintiff's objection at the hearing on the exception related to the defendant's contentions that it received inadequate notice of the nature of plaintiff's claim because plaintiff refused to furnish it with any details or itemization concerning the elements of its claim, that plaintiff's acceptance of a final settlement or payment under the contract without raising at that time the disputed *1188 claims subsequently submitted for arbitration operated as a release of the defendant from any further liability, and that plaintiff failed to comply with the Louisiana Arbitration Law by not filing suit to compel the defendant to participate in the arbitration proceedings prior to obtaining the default-type arbitration award. All of these matters are defenses to the merits of plaintiff's suit and irrelevant for purposes of determining whether or not plaintiff's petition states a right or cause of action. The evidence should not have been allowed.
The peremptory exception of no right of action challenges the interest in the plaintiff to institute the suit. LSA-C. C.P. Art. 927. Evidence is admissible on trial of the exception of no right of action to support or controvert any of the objections pleaded, when the grounds therefor do not appear from the petition. LSA-C. C.P. Art. 931; Morton v. Washington Nat. Ins. Co., 420 So.2d 1019 (La.App. 5th Cir. 1982).
The allegations of the plaintiff's petition clearly establish that it is the proper party to assert the enforcement of the arbitration award made pursuant to a contract between the plaintiff and the defendant. The evidence produced and the arguments advanced by the defendant in support of its exception of no right of action are defenses directed to the merits of the plaintiff's claim and have no bearing on the plaintiff's right to pursue this action.
The defendant's exception of no cause of action raises the question of whether the law affords any remedy to the plaintiff under the allegations of the petition. This exception is triable on the face of the petition and without the introduction of evidence, and for purposes of its determination, all well-pleaded facts are accepted as true and all doubts are resolved in favor of the sufficiency of the petition. Every reasonable interpretation must be accorded its language in favor of maintaining the sufficiency of the petition and affording the litigant an opportunity to present his evidence. LSA-C.C.P. Art. 931; Morton v. Washington Nat. Ins. Co., supra.
The allegations of plaintiff's petition are clearly sufficient to state a cause of action against the defendant water district. LSA-R.S. 9:4209 specifically authorizes this action by providing that at any time within one year after an arbitration award is made, any party to the arbitration may apply to the court in and for the parish within which the award was made, for an order confirming the award. The contentions of the defendant concerning lack of notice, settlement, and the like, go to the merits of their defense that the arbitration award is not valid and enforceable and cannot be considered in determining whether the petition states a cause of action.
Defendant's argument that plaintiff's petition does not set forth a cause of action because plaintiff did not file a petition under LSA-R.S. 9:4203 for an order directing that arbitration proceed in accordance with the terms of the parties' agreement, is without merit. That statute is couched in permissive terms providing that the aggrieved party "may" petition a court for such an order and does not require that such a petition be filed prior to one of the parties to the arbitration agreement proceeding with arbitration in accordance with the terms of the agreement and the procedure for arbitration established by the agreement.
For the reasons assigned, the judgment of the district court sustaining the exception of no cause and right of action is reversed and set aside, the exception is overruled, and this action is remanded to the district court for further proceedings in accordance with law. Costs of the appeal are assessed to the defendant-appellee.
Reversed and remanded.