JASPER E. JONES, Judge.
In this action to collect taxes allegedly due, the plaintiff appeals a judgment sustaining an exception of no right of action and dismissing its demands. We affirm.
The present parties to this action are Louisiana Tax Collections, Inc. (LATCO), the plaintiff-appellant, and Bear Creek Storage Company, Tennessee Storage Company and Southern Gas Storage Company, defendants-appellees. The Bienville Parish School Board was originally a party plaintiff but its demands were dismissed without prejudice prior to trial of the exceptions.
This action was filed on December 30, 1982, seeking to collect taxes allegedly due in the amount of $1,500,000.00. The defendants responded by filing exceptions of lack of procedural capacity and no right “and/or” no cause of action. Subsequent to the filing of these exceptions the school board substituted counsel and then dismissed its claims, asserted in this action, without prejudice.
Trial of the exceptions was then held. At trial the defendants presented testimony from school board officials. The evidence shows that there was a contract between the school board and LATCO for the collection of taxes. Under this agreement LATCO was to audit taxpayers and provide the audit results to the school board. The board would then have six months to institute proceedings to collect any taxes due and if it failed to do so LATCO could then institute proceedings itself.
The uncontradicted testimony of the school board officials is that the board was never supplied with an audit of the defendants and that the board was never allowed an opportunity to collect the taxes allegedly due prior to the filing of this suit by LATCO. Their testimony further establishes that the board did not give permission for the institution of this proceeding and that the board was not aware that it would be filed.
After trial of the exceptions the district judge rendered the judgment complained of and this appeal followed.
On appeal LATCO assigns as error the district judge’s decision to sustain the exception of no right of action. Appellant argues that the board had the power to delegate its authority to collect the tax and that it did so. Appellees argue that the board could not delegate its authority and that it did not do so here.
The exception of no right of action raises the question of whether the plaintiff has any interest in enforcing the right asserted. LSA-C.C.P. art. 927(5); Lambert v. Donald G. Lambert Const. Co., 370 So.2d 1254 (La.1979). Evidence supporting or controverting the exception of no right of action is admissable. No. Cent. Util. v. East Columbia Water Dist., 449 So.2d 1186 (La.App. 2d Cir.1984).
A public right or duty may not be compelled or enforced by a private citizen without a showing of a personal grievance or interest in the outcome. League of *1339 Women Voters v. City of New Orleans, 381 So.2d 441 (La.1980).
Pretermitting consideration of the validity of the contract between LATCO and the board, we note that LATCO brought this action without the knowledge or authority of the board and that LATCO did not comply with the requirements of the contract prior to commencing the action. The record does not suggest any unusual grievance suffered by LATCO and, in light of its failure to perform its obligations under the contract with the board, it had no interest in the collection of the taxes.
Under these circumstances LATCO had no right of action to bring suit to collect taxes and the exception of no right of action was correctly maintained. League of Women Voters, supra. The assignment of error is without merit.
The judgment of the district court is affirmed at appellant’s costs.