509 So.2d 793 (1987)
Deborah Sullivan BRIDGERS
v.
Zoe Ross BRIDGERS.
No. CA 87 0116.
Court of Appeal of Louisiana, First Circuit.
June 23, 1987.
*794 V. Charles Cusimano, Baton Rouge, for plaintiff-appellant Deborah Sullivan Bridgers.
A.S. Easterly, III, Denham Springs, for defendant-appellee Zoe Ross Bridgers.
Before GROVER L. COVINGTON, C.J., and LANIER and ALFORD, JJ.
ALFORD, Judge.
Plaintiff, Deborah Sullivan Bridgers, appeals the trial court judgment which changed the custody of her two minor children to defendant, Zoe Ross Bridgers.

FACTS
The parties obtained a judgment of separation on January 31, 1983. Mr. Bridgers had stipulated to awarding custody of the children, Jon Steppen and Steven Ross, to Mrs. Bridgers, with payment of child support, reasonable visitation, and reservation of the right to seek a change of custody at a later date. The judgment of divorce, signed June 20, 1984, continued these provisions relative to custody and support.
On January 3, 1986, Mr. Bridgers sought a change of custody, alleging there had been a substantial change in circumstances. After hearing testimony, the trial court granted the motion and awarded custody to Mr. Bridgers.

LAW
Plaintiff alleges that the burden of proof rule set forth in Bergeron v. Bergeron, 492 So.2d 1193 (La.1986), must be applied in order to change the custody decree. The Bergeron court stated that when a trial court has made a considered decree of permanent custody, the party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child. 492 So.2d at 1200.
The original custody decree in the judgment of separation in the instant case was uncontested. The record does not reveal that any evidence was adduced concerning parental fitness for the custody. Thus, that custody decree was not a "considered decree." Dungan v. Dungan, 499 So.2d 149 (La.App. 2d Cir.1986). Where no "considered decree" of custody has been rendered, the test to be applied in a change-of-custody action is the best interest of the children. 499 So.2d at 151.
La.C.C. art. 157(A) states: "In all cases of ... change of custody after an original award, permanent custody of the child or children shall be granted to the parents in accordance with Article 146." The best interest of the child is the sole criterion to be met in modifying custody under La.C.C. art. 146. Bergeron, 492 So.2d at 1201.
In determining to change the custody provision of a divorce decree, stability and continuity must be considered in determining what is in the best interest of the child. Everett v. Everett, 433 So.2d 705 (La.1983). In the instant case, Jon and Steven, ages fifteen and thirteen respectively at the time of trial, have been attending school in the Live Oak School District in Watson, Louisiana since 1980 or 1981. Both testified they wished to remain at this *795 school. Mr. Bridgers has remarried and has one son by that marriage. He lives about 2-2½ miles from the school, on the bus route, and desires that the boys live with him and remain in school in Watson. His present wife testified that she has always accepted the boys with open arms and is willing for Mr. Bridgers to have custody. Mr. Bridgers is a self-employed automotive battery salesman and had recently added a room on to his trailer specifically for Jon and Steven.
Mrs. Bridgers lives in north Baton Rouge, about 17-18 miles from the school. She has had a sporadic work history and lived with a man to whom she was not married for about a year prior to trial. As a result of a DWI charge in July 1986, her driver's license was revoked. She has expressed her intent to take the boys out of school in Livingston Parish and enroll them in an East Baton Rouge Parish school if she were to regain custody. Both parents have aided in transporting the boys to and from school, but the distance to Mrs. Bridgers' home has caused considerable inconvenience.
Since there are no written reasons for judgment, we must review the factual evidence in a light most favorable to the prevailing party. Eiswirth v. Eiswirth, 500 So.2d 817 (La.App. 1st Cir.1986), writ denied, 502 So.2d 111 (La.1987). Applying this standard, in conjunction with the best interest of the child test, we conclude that the evidence shows it is in the children's best interest to continue living with their father. The boys are approaching manhood and are in need of a male role model. They would be allowed to finish school in Watson according to their wishes. The evidence shows that Mr. Bridgers is able to support his family financially and provide a comfortable home for them.
Accordingly, the judgment of the trial court is affirmed. All costs of this appeal are to be paid by plaintiff-appellant.
AFFIRMED.