519 So.2d 317 (1988)
Floyd LaVaughn McINTYRE, Appellant,
v.
Tonia Lareasa Crabtree McINTYRE, Appellee.
No. 19234-CA.
Court of Appeal of Louisiana, Second Circuit.
January 20, 1988.
Joe D. Guerriero, Monroe, for appellant.
Patrick H. Wright, Jr., Monroe, for appellee.
Before MARVIN, NORRIS and LINDSAY, JJ.
NORRIS, Judge.
This is a motion for a change of custody. The movant, Mr. McIntyre, sought to alter a five-year old divorce decree that awarded to Mrs. McIntyre the sole custody of their son, Ashton. He alleged a substantial change in circumstances to justify the change of custody and submitted a joint custody plan of implementation. Mrs. McIntyre filed an exception of no cause of action, which the trial court sustained. Mr. McIntyre now appeals and, for the reasons expressed, we reverse and remand.
Mr. McIntyre's motion, filed in December 1986, alleged that he and Mrs. McIntyre were divorced in April 1982 and that pursuant to the divorce Mrs. McIntyre received sole custody of Ashton. Mr. McIntyre alleged that since that time, nearly five years prior, there had developed a substantial change in circumstances whereby a plan of joint custody would be in Ashton's best interest. He specifically alleged that Ashton, who was by then eight years old, had developed more "fatherly attachment" to him and needed a father figure. He further claimed that he has remarried and can provide a fine country home for the boy, close to relatives. He claimed that Mrs. McIntyre has moved out of the parish, making his visitation privileges hard to exercise. He finally alleged that Mrs. McIntyre could not "handle" the boy, had threatened to place him in a children's home and had left him unattended for long periods. By an amended motion, he averred that Mrs. McIntyre had unjustly whipped him for trifling offenses, had *318 failed to help him with his homework, and had given him medicine for an alleged hyperactivity which Mr. McIntyre had never observed in Ashton. Mr. McIntyre's joint custody plan of implementation made him the domiciliary parent during the school year and Mrs. McIntyre during the summer, subject to frequent and well-specified visitation and sharing.
Mrs. McIntyre did not consent to this custody plan. She filed an exception of no cause of action, urging that the alleged changed circumstances did not materially affect Ashton's welfare and did not justify modifying the custody plan in force. The trial court sustained the exception and dismissed Mr. McIntyre's motion. In oral reasons, the court cited the recent case of Bergeron v. Bergeron, 492 So.2d 1193 (La. 1986), which reaffirmed the heavy burden of proof requisite in changing a considered decree of child custody. It also cited the frequent relitigation of custody rules, sometimes as often as every six weeks, that was usually repetitious of the original allegations. The court concluded that the alleged facts, even if accepted as true, would not meet the burden of proof as set forth in Bergeron. Mr. McIntyre appeals.
Bergeron v. Bergeron, supra, on which the trial court relied, is the supreme court's solution to the difficult problem of amending custody plans in the context of LSA-C.C. arts. 146 and 157. The opinion analyzes the relative interests before concluding that the party who seeks to modify a considered decree of child custody bears a heavy burden of proof. He must prove either that the present cutody arrangement is so deleterious to the child as to justify a modification, or he must prove by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child. Bergeron, 492 So.2d at 1200; Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971); Bankston v. Bankston, 355 So.2d 58 (La.App. 2d Cir.1978), writ denied 357 So.2d 1153 (La.1978). Thus it is possible to amend a custody decree without alleging or proving a serious detriment to the child in the current plan, but in the narrow class of cases where the benefit substantially outweighs the disadvantage of changing custody, proof must be clear and convincing.
On appeal, Mr. McIntyre argues that Bergeron's heavy burden is inapplicable because the decree in force was rendered by default and was therefore not a "considered decree." If this were the case, then we would not be bound by Bergeron. See Dungan v. Dungan, 499 So.2d 149 (La.App. 2d Cir.1986); Foy v. Foy, 505 So. 2d 850 (La.App. 2d Cir.1987); Bridgers v. Bridgers, 509 So.2d 793 (La.App. 1st Cir. 1987).
This argument is not tenable under the procedural posture of the case. The issue has been raised by exception of no cause of action. No evidence may be introduced at any time to support or controvert this exception. LSA-C.C.P. art. 931. It is triable solely on the face of the petition (in this case, on the face of the motion) and any attached documents. North Central Util. v. E. Columbia Water Dist., 449 So.2d 1186 (La.App. 2d Cir.1984); Musser v. Copping, 325 So.2d 681 (La.App. 4th Cir.1976); Ober v. State Dept. of Corr., 424 So.2d 533 (La.App. 5th Cir.1982).
In the instant case, Mr. McIntyre's motion alleges simply that "an absolute divorce was rendered between plaintiff and defendant granting unto defendant the sole custody of the minor child." The amended motion does not further describe how the divorce judgment was obtained. The only document attached is the plan of implementation, and neither it nor the motions for change of custody claim that the prior judgment was not a "considered decree." They rather tend to treat the prior judgment as a final and valid resolution which ought to be changed. Admittedly, the motion relies implicitly on the prior record of the case, but a ruling not attached or stipulated to cannot be considered on this exception. Marceaux v. Bouillion, 464 So.2d 773 (La.App. 1st Cir.1985), and citations therein. We therefore do not have any allegation or information before us to substantiate Mr. McIntyre's claim on appeal that there is no "considered decree."
*319 The peremptory exception of no cause of action is a procedural device to test whether, under the allegations of the petition, the law affords any remedy for the grievance complained of. Ward v. Pennington, 434 So.2d 1131 (La.App. 1st Cir.1983), writ denied 438 So.2d 572, 576 (La.1983). As already noted, the exception is triable solely on the face of the petition and any attached documents. North Central Util. v. E. Columbia Water Dist., supra; Robinson v. North Amer. Royalties, 470 So.2d 112 (La.1985). However, on trial of the exception all well-pleaded facts must be accepted as true. LSA-C.C.P. art. 931; Caldwell v. Second JDC Indigent Defender Bd., 475 So.2d 96 (La.App. 2d Cir. 1985), writ denied 477 So.2d 1126 (La.1985); Abernathy v. Varnado, 409 So.2d 682 (La. App. 1st Cir.1982), writ denied 412 So.2d 1120 (La.1982). Every reasonable interpretation must be accorded the language of the petition in favor of sustaining its sufficiency and in allowing the litigant the opportunity to present his evidence. Ward v. Pennington, supra; Haskins v. Clary, 346 So.2d 193 (La.1977). Any doubt must be resolved in favor of the sufficiency of the petition. Johnson v. Edmonston, 383 So. 2d 1277 (La.App. 1st Cir.1980).
Mr. McIntyre's factual allegations, if true, suggest that Mrs. McIntyre is experiencing serious difficulties in her effort to raise a son who is nearing adolescence. Ashton needs the influence of his father and relatives; Mrs. McIntyre's move out of the parish has significantly diminished their influence. Mr. McIntyre has remarried and can presently provide a good and stable home near the child's relatives. The incidents of unfair discipline and substandard attention, as well as the threat of committing Ashton to a children's home, may be isolated but may also be manifestations of growing inability to cope with the complex responsibilities of raising a child. Sole custody is usually not in a child's best interest. LSA-C.C. art. 146. The alleged facts might raise the legitimate question of whether the sole custody order in force might no longer be in the child's best interest, as it would tend to sanction the acts complained of. The allegations, which we must accept as true, show changed circumstances. They might also provide a clear and convincing argument that the benefits of the proposed change outweigh the disadvantages. Bergeron, supra.
The trial court erred in holding otherwise. Whether the facts, if proved, would ultimately enable him to prevail is a matter to be resolved at trial on the merits.
We are sensitive to the trial court's concern over repetitive and perhaps vexatious litigation. However, the record shows that the custody order in force has not been questioned since it was signed in 1982. The instant motion does not strike us as repetitive. We do not necessarily approve of letting a father relinquish custody of an infant by default judgment and then allowing him to disturb the stability of the mother's custody years later, typically after the "diaper" years. However, we do not find that the instant motion is so devoid of facts as to merit dismissal on exception of no cause of action. Valid legal claims cannot be turned away simply because litigants in other cases try to abuse the process.
The judgment sustaining the exception and dismissing Mr. McIntyre's motion is reversed. The case is remanded for further proceedings in accordance with law. Costs are assessed to the appellee, Mrs. McIntyre.
REVERSED AND REMANDED.