WATKINS, Judge.
This is a child custody suit. The sole issue before the court is whether the trial *522 court erred in awarding custody to the plaintiff, Leroy Ellis. We find no error and accordingly affirm.
The plaintiff, Leroy Ellis, and the defendant, Charlotte Ellis, were married on November 20,1982. Three children were born of the marriage, Leroy Ellis, Jr., Brandon Ellis and Beau Michael Ellis. On December 19,1985, Leroy Ellis filed a petition for divorce based on the grounds of living separate and apart in excess of one year. On February 4, 1987, in the form of a confirmation of default the Family Court of East Baton Rouge granted the plaintiff a Judgment of Divorce. No provisions were made for the custody of the minor children.
Thereafter, on April 23, 1987, the plaintiff filed a petition for custody, requesting the sole permanent custody of the three minor children. The defendant reconvened requesting that the plaintiffs petition be dismissed and that defendant-in-reconvention be ordered to pay child support in the sum of $200.00 per child per month, plus reasonable medical, dental and pharmaceutical expenses of the three minor children. Trial was held on November 2, 1987, and judgment was rendered in favor of the plaintiff, Leroy Ellis, ordering that the minor children be at once returned to his custody. The defendant appealed.
The record in this proceeding, prior to the November 2, 1987 custody hearing, is void of any judicial consideration of the custody of the three minor children. Where no “considered decree” of custody has been rendered, the test to be applied in a change-of-eustody action is the best interest of the children.[1] See generally Bergeron v. Bergeron, 492 So.2d 1193 (La.1986). See also Key v. Key, 519 So.2d 319 (La.App. 2d Cir.1988); Bridgers v. Bridgers, 509 So.2d 793 (La.App. 1st Cir.1987); Dungan v. Dungan, 499 So.2d 149 (La.App. 2d Cir.1986). Stability of environment is always a factor in determining the best interest of the child. Bridgers, supra.
LSA-C.C. art. 157 A directs that “[i]n all cases of separation and divorce, and change of custody after an original award, permanent custody of the child or children shall be granted to the parents in accordance with Article 146.”
LSA-C.C. art. 146 E provides that custody shall be awarded according to the “best interest of the child.” This is the paramount consideration in child custody matters. Bergeron, supra at 1201-1202.
Joint custody is presumed to be in the best interest of the child, LSA-C.C. art. 146 C. This presumption may be rebutted only by a showing that it is not in the best interest of the child, after a consideration of the factors listed in LSA-C.C. art. 146 C (2). Although these factors were not specifically discussed, the trial court’s decision impliedly finds that the plaintiff rebutted the presumption in favor of joint custody.[2] Furthermore, since there are no written reasons for judgment we must review the factual evidence in a light most favorable to the prevailing party. Bridgers, supra at 795.
The evidence presented at trial shows that the trial court’s award of custody to the plaintiff is in the best interest of the children. The uncontradicted evidence established that the defendant has on several occasions physically abused her children, and the children showed signs of gross neglect due to defendant’s unwillingness to bathe the children on a regular *523 basis, or to provide basic medical attention. Also, the children were required to wear inadequate clothing during winter months, and shoes which were too small causing blisters on their feet. The defendant is not nor has she ever been employed, and is presently dependent upon welfare.
Evidence by several witnesses revealed that the eldest child, Leroy, Jr., has been residing with the defendant’s father, in contradiction of defendant’s testimony that all three children resided with her. Also in contradiction of defendant’s testimony, several witnesses stated that the defendant has been living with a man for over a year.
The evidence established that the plaintiff is gainfully employed and resides in his own home. He has remarried, wishes to provide a wholesome family atmosphere for his children, and has the financial means to properly support them.
Upon appellate review, the determination of the trial court in custody matters is entitled to great weight, and its discretion will not be disturbed on review in the absence of a clear showing of abuse. Berger-on, supra at 1196. Based upon the evidence presented, we find no abuse of discretion by the trial judge in determining the father to be the more stable parent and awarding him sole custody of the three minor children. We affirm. All costs to be borne by appellant.
AFFIRMED.

. Under the facts of this case we conclude that the "change of circumstances” test is inapplicable. Not only was there no “considered decree" of custody, there was no decree at all. Furthermore, only two months elapsed from the date of divorce until the plaintiff filed his petition for custody, cf. Mosely v. Mosely, 499 So.2d 106 (La.Ápp. 1st Cir.1986), writ denied, 505 So.2d 1138 (La. 1987).

. In Bergeron, supra, the court held:
If the court finds that the evidence preponderates in favor of a particular custody plan as being most effective in promoting the child’s best interest the court must adopt that plan, regardless of whether the plan calls for joint or sole custody. The presumption or preference in favor of a joint custody plan only comes into play and requires the court to adopt the joint plan when the evidence is in equipoise, that is when the court is in doubt as to whether the joint plan is superior to a competing non-joint plan in terms of promoting the child's best interest.
Id. at 1201.