CRAIN, Judge.
This is an appeal of a judgment changing the physical custody of the minor child of the marriage, making the mother the primary residential parent.
FACTS
Phyllis B. George (formerly Cucchiara) and Paul Dennis Cucchiara were married on January 26, 1979. On July 13, 1984, a separation judgment was entered by the trial court. The parties voluntarily agreed upon joint custody with Phyllis George being the primary residential parent. On April or May, 1986, the parties voluntarily changed the custody agreement to provide that Paul Cucchiara be the primary residential parent. On June 24, 1987, Phyllis George filed a rule to change the custody (actually to modify the joint custody agreement) to provide a change in the primary residential parent. She alleged a change in circumstances that would warrant a change in the custody arrangement. The trial court found a change in circumstances and modified the joint custody agreement to provide that Phyllis George be recognized as the primary residential parent.
The issue for review is whether the trial court erred in modifying the joint custody agreement to provide a change in the primary residential parent.
In Bergeron v. Bergeron, 492 So.2d 1193, 1200 (La.1986) the Louisiana Supreme Court stated:
When a trial court has made a considered decree of permanent custody the party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child.
An uncontested decree in which no evidence is presented as to the fitness of the parents is not a “considered decree”. Bridgers v. Bridgers, 509 So.2d 793 (La.App. 1st Cir.1987). The original custody decree in the instant case was a stipulated judgment and not a considered decree. The “heavy burden” rule of Bergeron does not apply. The test to be applied is the best interest of the child. Ellis v. Ellis, 536 So.2d 521 (La.App. 1st Cir.1988); Stewart v. Stewart, 525 So.2d 218 (La.App. 1st Cir.1988).
The trial court’s discretion in custody cases is entitled to great weight, and should not be disturbed unless it amounts to a clear abuse of discretion. Stewart, 525 So.2d at 223.
We find no abuse of discretion on the part of the trial court. Phyllis George was the primary residential parent until 1986. During this period she worked two jobs to support herself and Jason. Paul Cucchiara was not asked, nor did he provide child support to Phyllis George during this time period. She asked that he and his parents assist her with the physical care of Jason. They would pick Jason up from school and the grandparents would tend to him until she finished working and picked the child up. She eventually had to give up working two jobs and at that point agreed to allow Paul Cucchiara to be the resident custodial parent. Since then she has remarried, has a new child, is a full-time *640 housewife, and is no longer working outside the home. While Paul Cucchiara was the primary residential parent, Jason spent each afternoon with his grandparents until his father arrived home from work, which varied from 4:30 to 7:00 p.m. The child also stayed with the grandparents on weekends that the defendant worked (one of each four). The trial court noted that this time could be better spent with his mother and sibling. From the trial court’s reasons for judgment it is obvious that he considered the situation in its entirety in making his decision. Jason will receive more parental attention and live in a nuclear family situation by residing primarily with his mother.
The appellee proved that it is in the best interest of the child (Jason) that she be designated as the primary residential parent.
We affirm the judgment of the trial court. All costs are assessed against the appellant.
AFFIRMED.