PARRO, Judge.
The defendant (mother) filed an appeal from a judgment which denied her motion for a change of custody from the father. The trial court found that defendant had not carried the burden of proof necessary to prevail in this action. We affirm.

ISSUE

The issue before this court is whether the defendant has met the requisite burden of proof dictated by Bergeron v. Bergeron, 492 So.2d 1193 (La.1986), known as the “heavy-burden rule,” in order to justify a change in custody of the minor child.

FACTS

Karen K. Johnson, now Karen Lampton (“Karen”), and Danny K. Johnson (“Danny”) were married in Texas in 1985 and thereafter established their matrimonial domicile in Baton Rouge, Louisiana. They are the parents of one son, Justin, who was born on July 27, 1986. In February of 1987, when Justin was six months old, Danny filed a petition for a legal separation, as well as for custody of the boy. After a contested hearing, Danny was awarded sole custody of Justin and Karen was granted liberal visitation of one-week periods every other week. The parties were granted a divorce in March of 1988, but the custody and visitation provisions remained the same.
In February of 1990, Danny moved with Justin to Tupelo, Mississippi, without informing Karen. She immediately filed a rule for change of custody, or, alternatively, for modification of the visitation schedule, as well as contempt of court for Danny’s violation of the established visitation ordered by the court. Danny was thereafter held in contempt, but the hearing on the change of custody was continued.
Subsequently, in response to Karen’s contradictory motion, Danny filed an exception of no cause of action based on his contention that the allegations in Karen’s rule were insufficient to meet the heavy burden of proof rule set forth in Bergeron. The trial court sustained the exception, and Karen then filed a supplemental and amending contradictory rule. Karen’s deposition was taken, and Danny then urged exceptions of no cause of action and no right of action. In February of 1991, the trial court dismissed the exception of no right of action, but again *33 sustained the exception of no cause of action. Karen appealed the ruling, and in November of 1991, this court reversed the trial court and remanded the case for farther proceedings. Johnson v. Johnson, 590 So.2d 1325 (La.App. 1st Cir.1991).
A trial was held on May 14 and 15, 1992, and the matter was taken under advisement. In the meantime, a psychological evaluation was ordered by the trial court. On November 19,1992, judgment was rendered denying Karen’s request for a change in custody because the trial court did not believe that the factors required by Bergeron were found in this case. The judgment was signed on January 15, 1993, and Karen appealed.

SCOPE OF REVIEW

The determination of the trial judge in child custody matters is entitled to great weight, and his discretion will not be disturbed on review in the absence of a clear showing of abuse. Bergeron v. Bergeron, 492 So.2d at 1196.

BURDEN OF PROOF

In modification, like initial, custody determinations, the standard is always the best interest of the child. LSA-C.C. art. 131. However, one seeking modification must first prove that a material change in circumstances has occurred, and, where the issue of custody has been previously litigated, one must then meet a higher level of proof set forth in the Bergeron case as follows:
When a trial court has made a considered decree of permanent custody the party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child. (Citations omitted)
Bergeron v. Bergeron, 492 So.2d at 1200.
Where a change in custody is concerned, more is at stake than simply selecting the best of two proposed custodianships. The heart of the Bergeron heavy-burden rule is the concern that a child’s interest and welfare could be irreparably damaged by mistaken changes in custody or even by the effects of an attempted or threatened change of custody on grounds that are less than imperative. Id.; Blakesley, Louisiana Family Law, § 12.39 (1993).
The applicability of the heavy-burden rule is not disputed by the parties since there was a considered decree. At issue is whether Karen produced adequate testimony and sufficient evidence at trial to meet the heavy burden of proof and thus warrant a change in custody from Danny to her. It is therefore necessary to look at the facts of this case to see if the changes in circumstances articulated by Karen indicate the present custody is deleterious to Justin’s welfare or that the overall advantage to the child compels such a change.
It appears from the record that the primary source of Karen’s complaints was Danny’s removal of Justin to Tupelo, Mississippi, in February of 1990 without notice to her. Although Danny was previously found in contempt of court for his actions in this regard, the trial court obviously felt there was a reasonable basis for the relocation to Mississippi. Despite the reduction in time that Justin spends with Karen now resulting from geographical and time constraints, the move, in and of itself, is not so deleterious to Justin as to justify a change in custody. See Smith v. Smith, 615 So.2d 926, 935 (La.App. 1st Cir.), writ denied, 617 So.2d 916 (La.1993).
Karen further contends that her relationship with her young son has deteriorated since the move, and she alleges that both Danny and his parents have said and done things which have undermined her relationship with Justin. She also believes that they have made harmful and hurtful comments to Justin which he repeats to Karen.
Karen’s allegations, of deliberate efforts to sabotage her relationship with her child were evidently not believed by the trial court. Instructive in this regard is the court-ordered psychological evaluation by Dr. Alan Taylor in which he never once indicated that a change in custody was necessary or even advisable.
*34 After a careful review of the entire record in this extended litigation, this court concludes there was insufficient evidence to meet the heavy burden of proving that the continuation of the present custody is so deleterious to the child’s welfare as to mandate a change in custody from his father to his mother, nor was there clear and convincing evidence that the harm likely to be caused by a change of environment would be substantially outweighed by its advantages to the child. Therefore, we find no abuse of discretion by the trial court.

DECREE

For the foregoing reasons, the judgment of the trial court is affirmed, and costs are assessed against Karen Johnson Lampton.
AFFIRMED.