hBYRNES, Judge.
Rhonda Hamilton Donelon appeals a judgment sustaining her former husband’s exception of no cause of action and dismissing her *513 rule to modify child custody and child support. We reverse and remand.
Pursuant to a separation, Rhonda Hamilton and Leo James Donelon, Jr. signed a consent judgment dated April 29, 1987, granting sole custody of their two children, Leo James Donelon, III, and Ryan Patrick Donelon to the father, Leo James Donelon, Jr. The parents were divorced in 1990. On November 8, 1991, Mr. Donelon married Patricia McDermott. In March, 1994 Leo James Donelon, Jr. filed a rule on child support. In its judgment dated September 21, 1994 the trial court ordered Rhonda Hamilton to pay $986.00 monthly child support and the trial court set out a visitation schedule.
On May 5, 1994, Rhonda Hamilton filed a rule to show cause why child custody should not be modified to joint custody with the mother having domiciliary custody; and why the child support order should not be set aside without prejudice. Mr. Donelon’s exception of no cause of action was submitted on memoranda in September, 1994, and the trial court entered its | ¿judgment maintaining Mr. Donelon’s no cause of action and dismissing Rhonda Hamilton’s rule to show cause without prejudice on November 16, 1994. Rhonda Hamilton’s appeal followed.
On appeal, Rhonda Hamilton contends that: (1) the heavy burden of proof under Bergeron v. Bergeron, 492 So.2d 1193 (La. 1986), does not apply to a consent judgment; and (2) even if the Bergeron rule does apply, she is entitled to a hearing to prove that circumstances have changed to warrant a change in custody.
Mr. Donelon argues that even accepting Rhonda Hamilton’s factual allegations as true, she has not stated facts that can meet the heavy burden under Bergeron to warrant a change in child custody.
In reviewing a grant of a no cause of action, the appellate court is required to make a de novo review of the plaintiffs petition to determine whether the facts alleged, accepted in the light most favorable to the petitioner, and with every doubt resolved in petitioner’s behalf, are sufficient to support a cause of action. Edgecombe v. Board of Com’rs of Orleans Levee Dist., 94-1493 (La. App. 4 Cir. 2/23/95), 650 So.2d 1249. The exception is triable solely on the face of the petition and any attached documents. McIntyre v. McIntyre, 519 So.2d 317 (La.App. 2 Cir.1988).
In Bergeron, supra, 492 So.2d at 1200, the Louisiana Supreme Court set forth the burden of proof as follows:
When a trial court has made a considered decree of permanent custody the party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of custody decree, or of proving by clear and convincing evidence that the harm likely |gto be caused by a change of environment is substantially outweighed by its advantages to the child.
The Bergeron heavy burden rule for modification of child custody applies to consent judgments. Monteleone v. Monteleone, 591 So.2d 1228 (La.App. 4 Cir.1991).
According to Ms. Rhonda Hamilton’s memorandum in support of her rule to show cause, at the time of the consent judgment in 1987 she was a drug addict and was unable to take care of or financially support her two children. Presently, Ms. Hamilton claims to have been drug free for over seven years, to have earned a degree in nursing in May, 1993, and to be employed as a registered nurse. Further, she alleges that circumstances have changed drastically for the children. Previously Mr. Donelon and the children resided with Mr. Donelon’s mother, and the grandmother eared for her grandchildren while Mr. Donelon was working offshore for a drilling company. Mr. Donelon remarried, and Ms. Hamilton avers that after the second wife became the main caretaker, there has been a decline in living conditions, and the children are now in a detrimental environment.
Ms. Hamilton alleges that Mrs. Donelon tries to thwart Ms. Hamilton’s efforts to parent her children; Mrs. Donelon will not allow Ms. Hamilton on the property, and the children have difficulty in calling Ms. Hamilton on the phone. Ms. Hamilton claims that the children are felt to be intruders in the second wife’s home; Mr. Donelon and his *514 second wife try to alienate the children from their natural mother; and the children must do the second wife’s chores because of her excessive obesity. Ms. Hamilton alleges that the boys are under a constant threat of being sent away. When the second wife’s mother |4takes care of the children, she separates the two boys so they are not allowed to play together because she cannot cope with the responsibility of taking care of them. Ms. Hamilton asserts that the two boys must clean up after and take care of the rest of the family. They must watch their baby stepsister to an excessive degree. The son Leo is alleged to have behavior problems at school and has changed school twice. When Leo was not doing his homework, Ms. Hamilton found that Leo could not read the blackboard, and she got him glasses. She also complains that her son has been diagnosed as being hyperactive and is taking the prescription Ritalin. Ms. Hamilton contends the medication could be harmful so that a second doctor’s opinion should be obtained and she should be allowed to confer with the treating physician. Ms. Hamilton asserts that Mr. and Mrs. Donelon plan to move to LaPlace, Louisiana, which would create distance between the boys and their relatives and friends.
In McIntyre, supra, the appellate court found that the petitioner showed changes in circumstances sufficient to withstand an exception of no cause of action under Bergeron. In that case, the father sought a change in custody, showing that he had remarried and could provide a fine country home for the child, close to relatives. He claimed that Mrs. McIntyre had moved out of the parish, making his visitation privileges hard to exercise. He averred that Mrs. McIntyre had unjustly whipped the child, failed to help him with his homework, and had given him medicine for an alleged hyperactivity which Mr. McIntyre had never observed in the son.
|5In Johnson v. Johnson, 590 So.2d 1325 (La.App. 1 Cir.1991), appeal after remand, 93 1015 (La.App. 1 Cir. 3/11/94), 634 So.2d 31, the divorced mother’s allegations that the father with custody had moved to another state and changed jobs, and that the father and his family were actively attempting to sabotage the mother’s relationship with the child stated a cause of action, requiring a hearing. The appellate court found that under the Bergeron burden of proof, the allegations, if true, would prove that the present custody was so deleterious to the child as to justify modification of the custody decree and provided clear and convincing evidence that the harm caused by change in the environment would be substantially outweighed by the advantages to the child.
In Menge v. Menge, 545 So.2d 674 (La. App. 5th Cir.1989), the mother filed a rule to modify custody on September 12, 1988, two years after the judgment granting custody to the father was rendered in May, 1986. The appellate court found that the natural mother’s allegations that the child was not flourishing emotionally and had not adjusted well to living with the father and his present wife, that the natural mother would be the best person to develop the child’s emotional well being, and that she and the child had a strong binding, were not sufficient to state a cause of action. To maintain a cause of action for modification of a considered decree under Bergeron, the appellate court found that the movant must aver in at least general terms that continuation of the present custody arrangement is so deleterious to the child as to justify the modification, or that the harm likely to be caused by a change of environment is substantially outweighed by the advantages of the change to|6child. That court remanded the case to allow a reasonable time for the movant to amend her petition to state a cause of action.
In the present case Ms. Hamilton’s factual allegations, if true, suggest that Mr. and Mrs. Donelon are experiencing serious difficulty in their efforts to raise the sons, and Ms. Hamilton is now in a much better position to take care of her children. In Bergeron, supra, the Louisiana Supreme Court noted that continual harm to the children may result from the encouragement of litigation and continued parental conflict so that the court required a strong burden of proof of clear and convincing evidence to warrant a change in custody. However, in the present case, this is the first time Ms. Hamilton has instigated litigation for modifi *515 cation of the children’s custody. Because of the length of time since the consent judgment, Ms. Rhonda Donelon’s advances in becoming drug free and a registered nurse changes due to Mr. Donelon’s second marriage and considering that the father is still away much of the time so that the second wife has great control over the children because of the changes in development of the children, and considering the children’s best interests, Ms. Hamilton has stated a cause of action and is entitled to a hearing on the merits to show that her allegations are true to warrant a change in child custody under Bergeron, supra.
Accordingly, the judgment maintaining Mr. Donelon’s no cause of action is reversed, and the matter is remanded for a hearing in the trial court.

REVERSED AND REMANDED.

BARRY, J., concurs in the result.