499 So.2d 149 (1986)
Thomas Eugene DUNGAN, Plaintiff-Appellee,
v.
Martha K. DUNGAN, Defendant-Appellant.
No. 18059-CA.
Court of Appeal of Louisiana, Second Circuit.
October 29, 1986.
*150 Sockrider, Bolin & Anglin by D. Rex Anglin, Shreveport, for defendant-appellant.
Barry G. Feazel, Shreveport, for plaintiff-appellee.
Before MARVIN, FRED W. JONES, Jr. and LINDSAY, JJ.
MARVIN, Judge.
The mother appeals the joint custody part of a divorce judgment which changed the primary custody of the seven-year-old son of the marriage from the mother to the father and ordered the mother to pay $200 monthly child support during the nine months the father has custody.
We amend to delete the order requiring the mother to pay child support, reserving to the father the right to seek support in a further hearing where evidence may be received as to the needs of the child and the ability of each parent to provide for the support of the child. The only evidence in this respect was the mother's statement of her monthly income. Black v. Black, 460 So.2d 1175 (La.App. 2d Cir.1984).

FACTS
In a March 1985 separation judgment a joint custody plan was implemented by the trial court which awarded the primary custody for the nine-month school year to the mother. This decree incorporated the father's agreement to pay $200 monthly child support. There was no evidence adduced during the separation proceedings about the parental quality of either parent or about the needs of the child or the father's ability to pay.
Six months after the separation decree, the father sued and was awarded a divorce in November 1985 on the grounds of the mother's adultery after the separation. The adultery did not occur in the presence of the child and was found by the trial court not to have affected the mother's ability to serve as a custodial parent. The only essential change of the circumstances since the separation and original custody decree was the mother's adultery.
In modifying the original custody decree, the trial court expressly discussed each of the 12 factors [for rebutting the presumption in favor of joint custody] under CC Art. 146 C(2). The court found that two factors were inapplicable or inappropriate and that the parents were "tied" under four factors. The mother "won" on the factors weighing the home, school, and community record of the child and the satisfactory environment. The father "won" on the factors weighing the love and affection and "church upbringing," the capacity to materially provide for the child, the permanence of the home, and the "more stable" situation.

THE MOTHER'S CONTENTIONS
The mother contends that the trial court improperly applied the factors for rebutting the presumption in favor of joint custody to support its decree of joint custody. In the divorce proceedings below, the father sought sole custody and, alternatively, joint custody. While Art. 146 C(2) lists factors for rebutting the presumption in favor of joint custody, those factors are proper considerations for determining an *151 appropriate division of joint custody. The court is directed to consider the 146 C(2) factors in awarding joint custody by subsection D of Art. 146. Under the circumstances, we find no error, notwithstanding the trial court's "score card" approach in making the considerations.
A more difficult question is presented by the mother's argument that the trial court should not have modified the 1985 joint custody decree without the father showing a change in circumstances deleterious to the child. That issue was discussed in Bergeron v. Bergeron, 492 So.2d 1193 (La. 1986). There the trial court had ruled against the father's attempt on three separate occasions to change custody. On the father's fourth attempt the trial court changed custody. The supreme court reversed the lower courts, finding that the circumstances presented by the father were not legally sufficient to warrant a change in the original custody award to the mother some seven years before.
As we have noted, the original joint custody decree in the judgment of separation was uncontested. No evidence was adduced concerning parental fitness for the custody. Thus, that joint custody decree was not a "considered decree." Stevens v. Stevens, 340 So.2d 584 (La.App. 1st Cir.1976). Where no "considered decree" of custody has been rendered, the test to be applied in a change-of-custody action is the best interest of the children. See generally Bergeron, supra. See also Deese v. Deese, 387 So.2d 671 (La.App. 3d Cir.1980); Hays v. Hays, 365 So.2d 563 (La.App. 1st Cir.1978); Johnson v. Johnson, 381 So.2d 1317 (La.App. 4th Cir.1980). Stability of environment is a factor which should be considered in such an action. See Bergeron, supra. See also Johnston v. McCullough, 410 So.2d 1105 (La.1982); Bordelon v. Bordelon, 390 So.2d 1325 (La.1980); Reynaud v. Reynaud, 484 So.2d 294 (La. App. 3d Cir.1986).
CC Art. 157 A directs that "in all cases of separation and divorce, and change of custody after an original award, permanent custody of the child or children shall be granted to the parents in accordance with Article 146." CC Art. 146 E provides that changes in custody shall be awarded according to the "best interest of the child." This is the paramount consideration in child custody matters, including those involving a change in custody. See and compare Bergeron, supra, at p. 1196, and Bordelon v. Bordelon, supra; Turner v. Turner, 455 So.2d 1374 (La.1984); Osborne v. McCoy, 485 So.2d 150 (La.App. 2d Cir.1986).
Courts express reluctance to order a change in the custody except where there are compelling reasons to do so in order to discourage a parent's removal of a child from a stable environment. Montelbano v. Montelbano, 415 So.2d 303 (La.App. 2d Cir. 1982); Languirand v. Languirand, 350 So.2d 973 (La.App. 2d Cir.1977). Stability of environment, however, is not a significant factor in the present case because the time between the trial of this matter and the original custody award was only some six or seven months. During this period, the child had resided with his father for 4½ months.
Bergeron recognized that in some cases the benefits to a child from a modification of custody may be so great that they clearly outweigh any harm that might result even though the present custody is not shown to be deleterious to the child. The rule pronounced in Bergeron was to protect the best interest of the child from the detrimental effects of too liberal standards in change of custody cases and to accommodate the child's interest in a stable environment.[1]
*152 A finding that joint custody is in the best interest of the child does not mandate a 50-50 sharing of physical custody. Osborne v. McCoy, supra. Each case must be viewed on its particular circumstances, including the child's age, the situation of each parent, and other relevant factors. Carroway v. Carroway, 441 So.2d 494 (La. App. 2d Cir.1983). A trial court's award of custody is entitled to great weight and will not be disturbed unless a clear showing of abuse of discretion is made. Everett v. Everett, 433 So.2d 705 (La.1983).
The record supports the finding that both parents love their son and are capable and fit to have custody. The trial judge found that the father offered a more stable environment for the child. It was shown that the mother was contemplating marriage, but it was not certain when and whether she would remarry or where she and her new husband would live. Under these circumstances, we find no error in the trial court's award of physical custody to the father for the school year.[2] Giving one parent custody for a nine-month school year is not an abuse of discretion under a joint custody decree. Key v. Willard, 488 So.2d 1147 (La.App. 2d Cir.1986). See also Plemer v. Plemer, 436 So.2d 1348 (La.App. 4th Cir.1983).
From our review of this record, we find no abuse of discretion by the trial judge in finding the father to be the more stable parent and awarding him primary custody of the child for the school year.
The mother lastly argues that the trial court erred in ordering her to pay $200 a month child support to the father. CC Art. 146 A(1)(c)(i) states that an order of joint custody shall not, of itself, constitute grounds for modifying a support order. Although the record shows the income of the mother, it does not contain evidence as to the needs of the parents or a change in the needs of the child which may have resulted from the change of custody. A party seeking to modify a child support award must show a substantial change in circumstances. Black v. Black, supra. This record does not show that the father sought child support from the mother. We amend the judgment to delete the support award without prejudice to the father to seek child support in a further hearing where evidence may be taken as to the needs of the child and the ability of each parent to provide support. Each parent is assessed with one-half the cost of this appeal.
AMENDED AND AFFIRMED.
NOTES
[1] When a trial court has made a considered decree of permanent custody the party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change in circumstances is substantially outweighed by its advantages to the child. (Emphasis added.)

492 So.2d at 1200.
[2] Among other things, the joint custody decree allowed time for both parents with the child during certain holidays, an equal division of weekend periods, weekday visitations, and Mother's Day and Father's Day with the respective parent.