511 So.2d 1220 (1987)
Lisa Lucas RISHER, Plaintiff-Appellant,
v.
Stephen Phillip RISHER, Defendant-Appellant.
No. 18767-CA.
Court of Appeal of Louisiana, Second Circuit.
August 19, 1987.
*1221 Love, Rigby, Dehan, Love & McDaniel by William G. Nader, Shreveport, for plaintiffappellant.
Pringle & Herzog by John R. Herzog, Shreveport, for defendant-appellant.
Before MARVIN, SEXTON and NORRIS, JJ.
MARVIN, Judge.
The mother and father appeal a judgment which continued joint custody of their minor child, with the father as the domiciliary custodian, and denied the demands of each parent for sole custody. The mother alternatively contends that the trial court should have awarded her the domiciliary custody under the joint custody plan. We find no error or abuse of discretion and affirm.
The litigants, who married in 1979 and thereafter resided in Shreveport, had a son who was born in May 1981. The mother was awarded pendente lite custody in July 1981 but allowed the paternal grandparents to take custody of the child in November 1981. A divorce decree in January 1982 awarded the mother permanent custody. The child, however, continued to reside with the paternal grandparents, who sought legal custody in April 1983. In May 1983, the trial court rendered an interim nine-month order which awarded joint custody to the parents but continued the primary physical residence of the child with the paternal grandparents.
After the father sought sole custody in February 1984, he and the mother entered into a "joint custody" agreement in September 1984 which gave the father primary custody subject to specified visitation privileges with the mother. In January 1985, the father sought to terminate joint custody and be awarded sole custody. The mother reconvened to seek sole custody.
Trial was held in March 1985 and the case remained under advisement for almost a year. In February and May 1986, additional evidence was adduced. The trial court rendered its opinion in June 1986. The judgment maintained the father as domiciliary parent and gave the mother custody one weekend a month, three weeks during the summer, and on alternating holidays.
The trial court stated that the father's [marital and financial] situation had deteriorated somewhat since the original joint custody agreement in 1984, but concluded there was no evidence to indicate he had not been a good father to the child. The mother's circumstances had improved and she was living with her new husband in Corsicana, Texas, about three hours from Shreveport. The trial court reasoned that the best interest of the child would be served by continuing residential custody with the father in Shreveport, where both the paternal and maternal grandparents live and frequently visit the child.
*1222 At the outset we note that the 1984 stipulation which granted the father primary custody was a settlement or consent agreement and that no evidence was adduced about the fitness of either parent. That agreement was not a "considered decree." Dungan v. Dungan, 499 So.2d 149 (La.App. 2d Cir.1986). The "heavy burden" rule set forth in Bergeron v. Bergeron, 492 So.2d 1193 (La.1986) therefore does not apply. Custody is to be determined by the best interest of the child. See Dungan, supra. See also Deese v. Deese, 387 So.2d 671 (La.App. 3d Cir.1980).
When a trial court has made a considered decree of permanent custody the party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change in circumstances is substantially outweighed by its advantages to the child. Bergeron, at p. 1200.
Stability of environment continues to be an important consideration in determining the best interest of the child. See Johnston v. McCullough, 410 So.2d 1105 (La. 1982); Bordelon v. Bordelon, 390 So.2d 1325 (La.1980).
Joint custody is presumed to be in the best interest of the child. CC Art. 146 C. This presumption may be rebutted only by a showing that it is not in the best interest of the child, after a consideration of the factors listed in Art. 146 C(2). Although the 146 C(2) factors were not specifically discussed, the trial court's decision impliedly finds that neither parent had sufficiently rebutted the presumption favoring joint custody.
Joint custody does not mandate a 50-50 sharing of physical custody. Each case must be decided on the particular circumstances of the child's age, the situation of each parent, and other relevant factors. Dungan, supra; Carroway v. Carroway, 441 So.2d 494 (La.App. 2d Cir.1983). A trial court's award of custody is entitled to great weight and will not be disturbed on appeal unless an abuse of discretion is clearly shown. Everett v. Everett, 433 So.2d 705 (La.1983).
The record supports the finding that both parents love their son and are capable and fit for custody. The mother has remarried and lives with her husband about three hours away from where the father lives. The father separated from his second wife in 1986. The evidence supports the conclusion that the father's financial problems have not interfered with his ability to provide for his son.
The paternal grandparents had physical custody of the child from the time he was six months old until September 1984, a period of nearly three years. The father has had the child since that time. The paternal grandmother continued to care for the child both at her nursery school, which she owns, and at home, during the day when the father and his second wife were at work. The child is emotionally bonded to his grandparents, particularly the paternal grandmother. The child sees the maternal grandparents almost weekly and is also emotionally attached to them.
The record shows that the mother has exercised her custodial rights only sporadically. The mother has neglected to communicate with the father about the welfare of the child or respond to his repeated attempts to communicate. This lack of communication was a principal cause of each parent seeking sole custody.
A psychologist met with and tested the child on three different occasions. He testified that although the child has a positive feeling about his mother and stepfather, he has suffered anxiety when required to visit his mother in Texas. The psychologist concluded that a very positive relationship exists between the child and the father. The child was noted to be strongly attached to his grandparents, and the psychologist recommended against uprooting the child from his present environment and moving him to Texas. He stated, however, that the child should have a continuing contact with his mother in order to develop a more normal relationship and that monthly visits, gradually being extended in time, either in *1223 Shreveport or Corsicana, would be desirable and beneficial.
The rationale of cases such as Bankston v. Bankston, 355 So.2d 58 (La.App. 2d Cir. 1978), is appropriate here. In Bankston, supra, we continued custody in a father who had prior de facto custody for a considerable length of time, but who did not have custody by a considered decree. We said:
Our law recognizes that changes in custody upset the stable environment of children and for that reason should not be undertaken lightly.
We rejected the mother's demand for a change of custody, stating:
While the father here has had actual custody rather than custody by a considered decree, the traumatic effect of changing the stable environment and wholesome lifestyle of this child is not going to be in the slightest diminished because the child has not been in the custody of his father under a considered decree.
This record shows that the child is happy, well adjusted, and is developing normally in his present and stable environment with his father and his close contact with his grandparents.
We find no error in the trial court's rejecting each demand for sole custody, and instead decreeing a continuation of joint custody with the father as domiciliary parent. The record supports this decree.
The award to the mother of custody one weekend a month and three weeks during the summer, and alternating holidays obviously affords the mother only minimal time with the child. The mother is not precluded from modifying joint custody so as to allow her additional time as the relationship improves, as the psychologist expects. For reasons assigned below, which here have been summarized, we shall affirm the judgment.
Costs of the appeal are assessed one-half to each parent. AFFIRMED.