514 So.2d 510 (1987)
Deborah Rachal SANDIFER, Plaintiff-Appellee,
v.
Teddy Marcum SANDIFER, Defendant-Appellant.
No. 86-816.
Court of Appeal of Louisiana, Third Circuit.
September 16, 1987.
*511 W.R. Armitage, Alexandria, for defendant-appellant.
Deborah R. Sandifer, Donald R. Wilson, in pro. per.
Before STOKER, DOUCET and KNOLL, JJ.
STOKER, Judge.
Teddy Marcum Sandifer has appealed the judgment of the trial court which continued joint custody of Rachel Annette Sandifer between her parents. The issue presented in this appeal is whether the trial court erred in continuing joint custody and allowing Mrs. Sandifer to take the child to California, rather than awarding sole custody to Mr. Sandifer. We affirm the judgment in part, reverse in part, and remand.

FACTS
The Sandifers were married in 1977, and Rachel is the only child of the marriage. Mrs. Sandifer filed a petition for separation from bed and board in November of 1985 and requested joint custody of Rachel. Mr. Sandifer reconvened seeking sole custody. The hearing on the issues of fault in the separation and custody was abbreviated by the parties agreeing and stipulating to a joint custody plan, mutual injunctions and partition of community property. The trial court rendered a judgment of separation based upon the mutual fault of the parties and incorporated the various stipulations into the judgment. Judgment was rendered on November 26, 1985 and signed on February 13, 1986.
The joint custody plan designated Mrs. Sandifer as the principal domiciliary parent and awarded rights of access and visitation to Mr. Sandifer. Mr. Sandifer was ordered to pay child support in the amount of $300 per month, plus necessary medical expenses. Both parents were enjoined from removing the child from the state without the permission of the other. Additionally, Mr. and Mrs. Sandifer were enjoined from *512 harassing one another in any way, and it was ordered that Mr. Sandifer's mother pick up and deliver Rachel for the exercise of Mr. Sandifer's visitation rights. Mrs. Sandifer was further enjoined from allowing the child to associate with her close friends and neighbors, John Esters and Nancy Blanks. Esters and Blanks lived together without benefit of marriage and were known to have smoked marijuana with the Sandifers.
On February 18, 1986 Mrs. Sandifer filed a rule to show cause why she should not be allowed to take Rachel with her to California. Her pleadings alleged that she had obtained employment in Alpine, California and could live with her brother which would benefit her and Rachel. Mr. Sandifer responded to the rule and reconvened requesting that he be awarded sole custody or, in the alternative, that the joint custody plan be maintained in all respects and that Mrs. Sandifer be denied permission to take Rachel to California. The hearing on the rule was held February 26, 1986. Mrs. Sandifer failed to appear, but her attorney was present. The only evidence presented by Mrs. Sandifer was the testimony of her former employer and Mr. Sandifer. After the hearing, judgment was rendered maintaining the plan of joint custody with modification of Mr. Sandifer's visitation rights and allowing Mrs. Sandifer to take Rachel to California. Additionally, Mrs. Sandifer was held in contempt of court for having violated the prohibition against removing Rachel from the state and fined $250 or in default of payment to serve 30 days in the parish jail. It is this judgment which Mr. Sandifer has appealed.

JOINT CUSTODY
It must be noted from the outset of this discussion that a great deal of abusive and acrimonious conduct occurred during the three months between the judgment of separation and the latest judgment. The trial court found that Mr. Sandifer behaved deplorably toward Mrs. Sandifer during these proceedings. Mr. Sandifer made allegations of adultery involving Mrs. Sandifer with three persons: Esters, her employer and her attorney. He alleged that she stole controlled drugs from her place of employment and had numerous drug abuse problems. Mr. Sandifer went to LaSalle General Hospital, where Mrs. Sandifer was employed, with his charges of drug theft and went so far as to call the State Board of Pharmacy with the charges. The hospital established that there had been no drug thefts from its pharmacy. He made harassing phone calls to Mrs. Sandifer, kept Mrs. Sandifer under surveillance, took photographs and used coercive measures to induce her to reconcile with him. Mr. Sandifer even telephoned Mrs. Sandifer's neighbors and told them they should not associate with her or Rachel. Both of the Sandifers admitted to the occasional use of marijuana, but no other allegations of abuse or theft were proved by Mr. Sandifer. The charges of adultery were also unsubstantiated.
These instances go on and on, but we need not go any further.
LSA-C.C. art. 157 directs the courts to look to C.C. art. 146 in considering a change of custody of a child. In order to modify a custody order, there must be a showing of a change in circumstances which materially affects the well-being of the child. The moving party seeking to modify a considered decree of permanent custody bears a heavy burden of proving that the continuation of the existing custody arrangement is so deleterious to the child that removing it from the environment to which it is accustomed is justified. Bergeron v. Bergeron, 492 So.2d 1193 (La.1986). However, in the case before us there is no considered decree of custody. The custody plan was agreed to and uncontested by the parties. In this instance the heavy burden of proof traditionally required of the party seeking modification does not apply. Accordingly, the test to be applied is the best interest of the child. Dungan v. Dungan, 499 So.2d 149 (La.App. 2d Cir.1986) and Deese v. Deese, 387 So.2d 671 (La.App. 3d Cir.1980), writ denied, 393 So.2d 740 (La.1980).
The trial court rejected Mr. Sandifer's demand for sole custody and maintained *513 the joint custody plan in the best interest of the child. The determination of the trial court in child custody matters is entitled to great weight, and his discretion will not be disturbed on review in the absence of a clear showing of abuse. Bergeron, supra.
We find no abuse of discretion on the part of the trial court in maintaining joint custody and rejecting Mr. Sandifer's demand for sole custody. Mr. Sandifer failed to establish a change in circumstances sufficient to warrant a change in the existing custody arrangement. While distance is a factor to be considered, it is not the controlling one in determining whether joint custody is inappropriate. In such cases it may still be determined that joint custody is in the best interest of the child. See Knight v. Knight, 470 So.2d 644 (La. App. 1st Cir.1985); Melton v. Melton, 486 So.2d 279 (La.App. 3d Cir.1986); Doyle v. Doyle, 465 So.2d 167 (La.App. 3d Cir.1986), writ denied, 467 So.2d 1136 (La.1985). We accordingly affirm this portion of the judgment.
The issue which causes this court greater concern is the trial court allowing Mrs. Sandifer to take Rachel to California. The trial court has discretion to allow or disallow a child's removal from the court's jurisdiction, but the decision must be based on what serves the best interest of the child. There must be a showing of good reason for the move and that the move is in the child's best interest. Griffin v. Griffin, 424 So.2d 1228 (La.App. 1st Cir.1982).
Mrs. Sandifer failed to appear at the hearing on her rule and failed to make the requisite showing of good reason and best interest of the child. The trial court had no facts before it upon which it could conclude that the mother's employment in California would be in Rachel's best interest. We find a clear abuse of the trial court's discretion in permitting Mrs. Sandifer to take Rachel to California without more evidence. We reverse that portion of the trial court's judgment and remand this case for further proceedings.
For the reasons stated herein, the judgment of the trial court is reversed insofar as it permits Mrs. Sandifer to remove the minor child from the State of Louisiana and remanded for further proceedings in conformity with the views expressed herein; it is affirmed in in all other respects. The costs of this appeal are assessed equally to the parties.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.