FRED W. JONES, Jr., Judge.
After a mother who was domiciliary parent moved out of the state, the father was successful in having joint custody changed to his sole custody, and the mother appealed. For the reasons explained, we reverse and remand.
Sherwood McBride and Gloria Collings-worth were married in 1981 in Jackson Parish, where the matrimonial domicile was established. One child, John Lee, was born of the marriage in 1983.
The McBrides were divorced in May 1986 in Jackson Parish. The parents were awarded joint custody of the child, with the mother named as domiciliary parent.
In November 1986 Mrs. McBride moved with the child to Tennessee. She notified her attorney who, some time later, advised the father’s attorney of the move.
In November 1987 McBride went to Tennessee and picked up the child for visitation. He returned with the youngster to Jackson Parish and filed this rule to have sole custody awarded to him.
In December 1987 a hearing was held on the rule. In written reasons for changing the joint custody decree and awarding sole custody to the father the trial judge first noted that, since the mother had moved out of the state the presumption in favor of joint custody ceased to exist. The trial judge reasoned:
“Plaintiff is living in an apartment in Nashville, Tennessee. She is employed with a gross pay of $200.00 per week. Plaintiff has no family living in Tennessee. She has enrolled the child in kindergarten and provides a babysitter for him when she is at work and he is not in school.
Defendant is living with his mother in Jackson Parish, Louisiana. Defendant is regularly employed. Defendant has enrolled the child in kindergarten. Defendant’s mother and sister babysit with the child when Defendant is at work and the child is not in school. When Defendant’s mother returns to work, he plans to enroll the child in a daycare center.
Both Plaintiff and Defendant want custody of their child. The physical distance between the residences of Plaintiff and Defendant complicates the sharing of custody of John Lee.
Considering the best interest of the child and trying to devise the best possible solution from the circumstances presented, the Court feels custody of the child should be awarded under the following guidelines:
Defendant shall have sole custody of the child. This decision is based primarily on the nearness and availability of Defendant’s extended family, who can and will assist in caring for the child.”
The trial court then proceeded to spell out visitation rights for the mother.
The mother appealed, contending the trial court erred “in modifying the custody order when the defendant failed to show that continuation of the present custody was deleterious to the child.”
In Bergeron v. Bergeron, 492 So.2d 1193 (La.1986) the trial court vacated a mother’s sole custody award and substituted a joint custody decree without requiring a showing that a change of circumstances had occurred that materially affected the child’s well being. Reversing, our state supreme court held:
“When a trial court has made a considered decree of permanent custody the party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of *778 environment is substantially outweighed by its advantages to the child.” p. 1200.
It was further noted that the Joint Custody Law did not abrogate this jurisprudential rule.
Section “K” was added to La.C.C. Article 146 in 1986 to provide:
When an award of joint custody has been made to parents domiciled in the state of Louisiana and either parent changes his or her domicile to another state, the presumption that joint custody is in the best interest of a child shall cease to exist. In such case, either parent may petition for and the court after a contradictory hearing may modify the joint custody award or award sole custody of the child to either parent in accordance with the best interest of the child.
In Crockett v. Crockett, 525 So.2d 304 (La.App. 1st Cir.1988) a trial court in Terre-bonne Parish awarded joint custody of a child to the parents and designated the mother as primary custodian. The mother moved out of the state and petitioned in Louisiana for sole custody, which the trial court granted. Ruling in favor of the mother on the father’s appeal, the court stated:
“Although the trial court retains a continuing power to modify a child custody order, there must be a showing of change of circumstances materially affecting the child before the court may consider making a significant change in a custody order.” p. 305.
In the case at bar the trial court correctly found that the presumption in favor of joint custody ceased when the mother moved out of state. However, although the mother had been domiciliary custodian of the child, the trial judge did not find that a continuation of this environment would be deleterious to the child. He simply decided that it was in the best interest of the child to award its custody to the father “based primarily on the nearness and availability” of the father’s extended family. This was error.
For these reasons, the judgment of the district court is REVERSED and this case is REMANDED to the trial court for a hearing and presentation of evidence to enable the trial court to determine what custody decree should be granted under the rule of the Bergeron case concerning burden of proof in the change of a child custody award.
Cost of the appeal is assessed equally to the parties.