566 So.2d 192 (1990)
Jefferson Wayne HILLIDGE, Plaintiff-Appellee,
v.
Kathy Lorraine Batson Hillidge McFARLAND, Defendant-Appellant.
No. 21640-CA.
Court of Appeal of Louisiana, Second Circuit.
August 22, 1990.
*193 Campbell, Campbell & Johnson by Mark O. Foster, Minden, for defendant-appellant.
Fish & Montgomery by John W. Montgomery, Minden, for plaintiff-appellee.
Before HALL, LINDSAY and HIGHTOWER, JJ.
HIGHTOWER, Judge.
The mother appeals a judgment-on-rule which modifies a previous joint custody award concerning two minor girls. For the reasons hereinafter stated, we affirm.

BACKGROUND
Jefferson Wayne Hillidge married Kathy Lorraine Batson in 1978. Two daughters subsequently were born, those children being now ages five and seven. A judgment of separation signed on March 1, 1988, in a proceeding of which the record is not before us, provided for the joint custody of the girls.
Shortly thereafter, on April 21, 1988, in a separate suit in the same court, the father filed a petition for divorce on grounds of adultery. In that action, he also sought to change the original custody award. Court-ordered mediation failed to resolve the parties' differences concerning custody in these latter proceedings, although the mediator rendered and submitted a report to the appointing judge.
Both sides then appeared in court on July 19, 1988, prepared to try the custody issue. After a pre-trial conference, during which the mediator's report was discussed, counsel for the litigants entered a stipulation outlining the specifics of a joint custody plan by which the role of primary custodial parent would shift on a six-month alternating basis, subject to designated holiday and weekend visitations. Judgment to that effect, and also granting the divorce, was rendered that same date.
During the father's initial period as primary custodian under the plan, July 1 through December 31, 1988, the mother remarried and moved to Spring, Texas, a suburb of Houston, on Thanksgiving Day. On December 16, 1988, fifteen days before her term as primary domiciliary parent would begin under the judgment, the father filed a rule to modify custody, setting forth the mother's move to Texas as a change of circumstances.
Before beginning a hearing on the rule on January 3, 1989, the trial judge concluded that the custody dispute should be viewed as one of first impression. Following trial, he determined joint custody still to be in the best interest of the children, but modified the previous implementation plan to designate the father as primary domiciliary parent during the school year, and granted that role to the mother during the summer months.
Defendant-in-rule, the mother, now appeals, asserting that the trial court erred in not regarding the custody judgment rendered on July 19, 1988 as a considered decree which required plaintiff-in-rule later to meet the "heavy" burden of proof enunciated by the Louisiana Supreme Court in Bergeron v. Bergeron, 492 So.2d 1193 (La. 1986). Alternatively, she maintains the father failed to show the modification imposed to be in the best interest of the children.

DISCUSSION
When a trial court has made a considered decree of permanent custody the party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child.
Bergeron, supra, at 1200.
In order to determine the burden of proof applicable in this matter, we must *194 first decide whether or not the judgment ordering joint custody, entered on July 19, 1988, was indeed a considered decree.
A considered decree is one rendered subsequent to the presentation of evidence as to the fitness of a party to have the care, custody and control of the children. Conversely, where no such evidence has been presented, the custody judgment is not a considered decree. Dungan v. Dungan, 499 So.2d 149 (La.App. 2d Cir.1986); Stevens v. Stevens, 340 So.2d 584 (La.App. 1st Cir.1976).
While it is true the court reviewed a report prepared by the mediator and even referred to it during an on-the-record admonition of the parties in the earlier proceeding, that report was never introduced into evidence. Nor, during that hearing, did either litigant adduce any other evidence concerning parental fitness. Accordingly, a considered decree did not result. A consent judgment after mediation under these circumstances remains a consent judgment. Thus, the proper standard to apply here is simply the best interest of the children. Risher v. Risher, 511 So.2d 1220 (La.App. 2d Cir.1987).
Joint custody is presumed to be in the best interest of the child. LSA-C.C. Art. 146 C. That presumption ceases if either parent moves out of state after a joint custody award, which may then be modified on the basis of the best interest of the child. LSA-C.C. Art. 146 K. The Bergeron rule still will apply, however, if a considered decree has previously occurred. McBride v. McBride, 537 So.2d 776 (La. App. 2d Cir.1989). Stability and continuity of environment continue, at all times, to be important considerations in making a custody determination. Risher, supra; Johnston v. McCullough, 410 So.2d 1105 (La. 1982). An award of joint custody does not mandate an equal sharing of physical custody; each case must turn on its particular circumstances such as the child's age, the situation of each parent, and other relevant factors. Dungan, supra; Carroway v. Carroway, 441 So.2d 494 (La.App. 2d Cir. 1983). A trial court's award of custody is entitled to great weight and will not be disturbed on appeal unless an abuse of discretion is clearly shown. Stephenson v. Stephenson, 404 So.2d 963 (La.1981); Foy v. Foy, 505 So.2d 850 (La.App. 2d Cir.1987); Cucchiara v. Cucchiara, 543 So.2d 638 (La.App. 1st Cir.1989).
It is obvious from this record that each parent loves these two children, and has sought to provide the best in education and care for them. Albeit reluctantly, each litigant concedes the other to be a good parent. Accepting the mother and father to have equal parenting skills, the court was forced to review the stability of the environment to be provided by each party.
After noting the mother to be residing in new surroundings with the added pressures of different employment for her present spouse, as compared to the continuing stable environment provided by the father in the community of the last matrimonial domicile where his large extended family lives, the court concluded that the father should be designated the domiciliary parent during the school year, and that the mother would serve in that capacity during the summer months. To maintain the original plan would have required the children to travel to Spring, Texas on January 1 of each year and cope with the demands of a different curriculum at a different school, a situation which likely would be confusing for them.
Accordingly, we find no error or abuse of discretion by the trial court in its modification of the previous award. The judgment is therefore affirmed, and all costs of the appeal are assessed to appellant.
AFFIRMED.