605 So.2d 666 (1992)
Roy Wesley SCHUBERT, Plaintiff-Appellee,
v.
Linda Lee Leibsla SCHUBERT, Defendant-Appellant.
No. 23996-CA.
Court of Appeal of Louisiana, Second Circuit.
September 23, 1992.
Rehearing Denied October 22, 1992.
Writ Denied December 11, 1992.
*667 Bobby L. Culpepper, Jonesboro, for defendant-appellant.
Smith & Shadoin by Robert E. Shadoin, Ruston, for plaintiff-appellee.
Before SEXTON, LINDSAY and VICTORY, JJ.
LINDSAY, Judge.
The defendant, Linda Lee Schubert, now Carmadelle, appeals from a trial court judgment modifying the existing joint custody arrangement and changing their daughter's primary domiciliary parent from Mrs. Carmadelle to her former husband, Roy Wesley Schubert. The record before this court does not demonstrate a clear abuse of discretion by the trial court and, accordingly, we affirm.

FACTS
The parties are the parents of a daughter, born September 11, 1979. In 1983, Mr. *668 Schubert filed suit to obtain a divorce from Mrs. Carmadelle. On September 28, 1983, the trial court signed the judgment on the parties' rules for temporary child custody, temporary alimony and temporary child support. The court granted Mrs. Carmadelle temporary custody of the daughter with a specific plan of visitation set forth in the judgment.
A judgment of divorce was signed by the trial court on June 21, 1984. In that judgment, the parties were given joint custody of the child with a plan of visitation set forth in the judgment. Mrs. Carmadelle was named the primary domiciliary parent.
Mr. Schubert is employed as a professor with Louisiana Tech University and was so employed during his marriage to Mrs. Carmadelle. He has a stable employment history and has remarried.
Mrs. Carmadelle had an unstable employment and residence history in the years following the divorce. She had numerous jobs of short duration, working at businesses such K-Mart and WalMart. Mrs. Carmadelle also moved frequently, usually due to inability to make rental payments for her housing. She and the child were evicted from a residence on at least one occasion. Due to their frequent moves, the child attended six different schools during the years following the parties' divorce. Also, the child had a high absence rate from school.
In 1989, the former Mrs. Schubert married Keith Carmadelle, a convicted felon. In September 1990, Mr. and Mrs. Carmadelle left Louisiana, with the child, and moved to Ohio to live with Mrs. Carmadelle's parents. (Mr. Schubert contends Mrs. Carmadelle took the child to Ohio without consulting him.) Mr. and Mrs. Carmadelle and the child share a house with Mrs. Carmadelle's parents, sister and grandmother. Mrs. Carmadelle manages a doughnut shop in Ohio. Mr. Carmadelle was attending truck driving school at the time of the hearing and was not employed.
In December, 1990, the child came to Louisiana to spend the Christmas holidays with Mr. Schubert. Upon her arrival, Mr. Schubert concluded that the child was not living in a stable environment and he petitioned the court to modify the custody decree to designate him as the primary domiciliary parent.
The case was heard on August 9, 1991. On August 14, 1991, the trial court gave oral reasons for judgment. The court modified the prior joint custody decree to provide that Mr. Schubert was to become the primary domiciliary parent. The court found that Mr. Schubert could provide a more stable environment for the child. The court stated that it did not favor the situation in Ohio where the child was living in the house occupied by six to eight persons. The court noted that the mother changed jobs frequently and moved frequently. The court also noted that Mrs. Carmadelle had married a convicted felon who was unemployed at the time of the trial.
Mr. Schubert on the other hand, was a college professor who had a stable employment history, a good income and had been remarried for seven years.
The court noted that Mr. Schubert was a "strict authoritarian type figure with his discipline." However, the court found Mrs. Carmadelle was too lenient in her discipline and that, given the child's age of approximately 12 years, strict discipline was preferable to being too lenient.
The court also noted that Mrs. Carmadelle left Louisiana and moved to Ohio without informing Mr. Schubert that she was removing the child from the state. The court found this an indication that Mrs. Carmadelle was not the parent most likely to afford the other parent opportunities for visitation.
Based upon these factors, the trial court named Mr. Schubert as the primary domiciliary parent.
Mrs. Carmadelle appealed the trial court judgment. She contends that Mr. Schubert failed to carry his burden of proving that continuation of custody in the mother was so deleterious to the child as to justify removal from the environment from which the child is accustomed.

*669 BURDEN OF PROOF
In all cases involving a change of custody after an original award, permanent custody of the child shall be granted to the parents in accordance with LSA-C.C. Art. 131. LSA-C.C. Art. 134. Any order for joint custody may be modified if it is shown that the best interest of the child requires modification or termination of the order. LSA-C.C. Art. 131(E); Pulley v. Pulley, 587 So.2d 116 (La.App. 2d Cir.1991).
In deciding whether the trial court erred in modifying the original custody judgment to change the primary domiciliary parent from Mrs. Carmadelle to Mr. Schubert, it is necessary to determine whether the original judgment was a considered decree. If it was a considered decree, then a very heavy burden of proof must be carried by the party seeking to modify the judgment. If it is not a considered decree, the burden of proof is less onerous.
A considered decree is one rendered subsequent to the presentation of evidence as to the fitness of a party to have the care, custody and control of the children. Conversely, when no such evidence has been presented, the custody judgment is not a considered decree. Hillidge v. McFarland, 566 So.2d 192 (La.App. 2d Cir. 1990); Dungan v. Dungan, 499 So.2d 149 (La.App. 2d Cir.1986).
When a court has made a considered decree of permanent custody, the party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify the modification of the custody decree, or of proving by clear and convincing evidence that the harm that is likely to be caused by the change in environment is substantially out-weighed by the advantages to the child. Bergeron v. Bergeron, 492 So.2d 1193 (La.1986); Murray v. Murray, 521 So.2d 754 (La.App. 2d Cir.1988); McIntyre v. McIntyre, 519 So.2d 317 (La.App. 2d Cir.1988); Lee v. Davis, 579 So.2d 1130 (La.App. 2d Cir.1991); Pulley v. Pulley, supra.
Where there has not been a considered decree, the heavy burden of proof of Bergeron v. Bergeron, supra, is not applicable, but there must be a showing of a change of circumstances since the original decree, and that a change of custody is in the best interest of the child. McGee v. McGee, 552 So.2d 576 (La.App. 2d Cir.1989); Lee v. Davis, supra; Bailey v. Bailey, 527 So.2d 1030 (La.App. 2d Cir.1988), writ denied 528 So.2d 565 (La.1988); Risher v. Risher, 511 So.2d 1220 (La.App. 2d Cir. 1987); Dungan v. Dungan, supra; Foy v. Foy, 505 So.2d 850 (La.App. 2d Cir.1987); Pulley v. Pulley, supra.
In the present case, Mrs. Carmadelle seems to view the original custody decree, naming her as the primary domiciliary parent, as a considered decree. Therefore, on appeal she argues that Mr. Schubert has failed to carry the heavy burden of proof, under Bergeron, that continuation of the present custody arrangement would be so deleterious to the child as to justify removal from the environment to which the child is accustomed.
However, while somewhat ambiguous, the record does not support the view that the original custody decree was a considered decree. In the temporary custody decree issued on September 28, 1983, the trial court specifically stated in the judgment "that the following is not to be construed as a considered ruling, opinion or decision, but simply made for the temporary guidelines for the parties to follow until a final disposition of their issues...."
A judgment of divorce between these parties was signed by the trial court on June 21, 1984. In that judgment, the parties were awarded permanent joint custody, with Mrs. Carmadelle being named as the primary domiciliary parent. However, this judgment does not indicate that evidence was adduced concerning the fitness of either parent to be the primary domiciliary parent.
The trial court minutes from June 21, 1984, indicate that the attorneys for the plaintiff and defendant were present on behalf of their clients and that the "stipulation is as set forth in the judgment and is agreed to by all parties." This minute entry indicates that the parties agreed on *670 the joint custody plan and agreed to a stipulation set forth in the divorce and custody judgment. There is no indication in the minutes or elsewhere in this record that evidence was taken on the custody issue.
Where a record does not show whether the issue of custody was previously litigated, we presume it to have been uncontested. The party alleging the applicability of the Bergeron rule must show, though introduction of the transcript of the prior proceedings or otherwise, that the custody issue was previously "considered." Moore v. Moore, 544 So.2d 479 (La.App. 2d Cir.1989); Stevens v. Stevens, 340 So.2d 584 (La.App. 1st Cir.1976). Here, no such evidence was presented. Therefore, this is not a considered decree of custody but rather is a consent decree. See and compare Norris v. Norris, 604 So.2d 107 (La. App. 2d Cir.1992).
Because this is a consent decree, Mr. Schubert is not required to meet the heavy burden of proof under Bergeron. In order to modify the judgment, Mr. Schubert need only show a change in circumstances by which a change in the primary domiciliary parent would be in the best interest of the child.

MODIFICATION OF CUSTODY PLAN
Having established the burden of proof necessary to review the judgment in this case, we now turn to the issue of whether the trial court erred in changing the primary domiciliary parent from Mrs. Carmadelle to Mr. Schubert.
Every child custody case must be viewed on its particular circumstances. Foy v. Foy, supra. In child custody cases, the decision of the trial court is to be given great weight and will be overturned only where there is clear abuse of discretion. Lee v. Davis, supra; Pulley v. Pulley, supra.
Stability and continuity of environment are important considerations in making a custody determination. Hillidge v. McFarland, supra; Bailey v. Bailey, supra; Risher v. Risher, supra; Dungan v. Dungan, supra.
In the present case, we do not find that the trial court abused its discretion in modifying the prior custody decree and naming Mr. Schubert as the primary domiciliary parent. The evidence presented at the hearing shows that circumstances have changed since the original decree. Mrs. Carmadelle has been unable to provide the child with a stable home and school environment. In the years since the divorce, Mrs. Carmadelle has not been able to find steady employment. She has worked at a myriad of jobs, each of relatively short duration. Mrs. Carmadelle was also unable to provide the child with a steady homelife. They moved frequently, largely due to inability to pay the rent. Because of these moves, the child was frequently required to change schools. The record shows that since the child entered kindergarten she had changed schools six times. The child's school records show numerous absences and reflect that at one school, tardiness was a particular problem. Therefore, the record shows that Mrs. Carmadelle has not been able to provide a stable home and school situation for the child. Further, Mrs. Carmadelle married a convicted felon and moved out of state with the child without informing Mr. Schubert.
In contrast, Mr. Schubert has maintained steady employment and has a stable residence with his current spouse to whom he has been married for seven years. Mr. Schubert is in a position to provide a stable environment. See Hillidge v. McFarland, supra; Foy v. Foy, supra.
Therefore, we find no abuse of discretion in the trial court judgment finding the father, Mr. Schubert, to be the more stable parent and awarding him primary domiciliary custody of the child.

CONCLUSION
For the reasons stated above, we affirm the trial court judgment modifying the former custody decree between these parties, changing the primary domiciliary parent to the father, Roy Wesley Schubert.
AFFIRMED, at appellant's cost.

*671 APPLICATION FOR REHEARING
Before MARVIN, SEXTON, LINDSAY, VICTORY and BROWN, JJ.
Rehearing denied.