JiSEXTON, Judge.
The mother of a minor child appeals that portion of the judgment which affirmed an earlier order of restricted visitation in the presence of an off-duty police officer. We affirm.
FACTS
This case involves a custody dispute between Charles Glover and Georgia Gilbert Tooley over the minor child born of their former union. The parties were married on May 31, 1982, in Bossier Parish, Louisiana. Of this marriage, one child was born on August 20, 1985, Aric Glover (“Aric”).
Charles Glover left the matrimonial domicile on September 9,1987, and filed a petition for separation and request for custody of the minor child on May 12, 1988. By order dated May 12, 1988, Mr. Glover was granted provisional custody of Aric. On May 14, 1988, Mrs. Tooley was allowed two weeks visitation with Aric by her estranged husband and it was agreed that she would return the child on May 28,1988. However, on that date, she informed Mr. Glover that she would not return the child.
On June 14, 1988, Charles Glover filed an ex parte motion for return of Aric. An order issuing a civil warrant for the return of the minor child to Charles Glover was rendered by the trial court on June 14,1988. Aric was thereafter returned to the custody of his father.
On July 28, 1988, the court rendered judgment ordering that the minor child to be evaluated by a clinical psychologist, that Charles Glover continue provisional custody of the child pending the custody hearing, and that Georgia Tooley pay $100 per month in child support.
On January 19, 1989, the trial court rendered judgment granting joint custody of the minor child to the parties, designating Charles Glover as domiciliary parent with Georgia Glover having reasonable visitation in accordance with a joint custody visitation plan submitted by the parties. This judgment was signed on February 13, 1989.
|20n May 12, 1989, Charles Glover filed a rule to modify the joint custody plan submitted earlier by the parties seeking weekend visitation with the child during the six-week summer period during which the child was with his mother. This request was granted, and allowed Georgia Gilbert Tooley an additional four days visitation.
On July 23, 1991, Charles Glover filed a rule to terminate and/or restrict visitation, claiming that the minor child was experiencing difficulty upon return from Georgia Too-ley’s care and that she was planning to remove the minor child from the jurisdiction of the court. Accordingly, Charles Glover requested that visitation rights be terminated or, in the alternative, restricted, to take place only in the presence of a law enforcement officer. Georgia Tooley countered on July 24, 1991, with a request for a writ of habeas corpus and for a rule for contempt of court claiming that Charles Glover had threatened to not allow her to see the minor child again.
On August 1, 1991, a hearing was held specifically on the writ of habeas corpus and rule for contempt. These claims were orally dismissed by the trial court on the date of the hearing. Written judgment to that effect was signed on August 15, 1991. The trial *1034 court continued the matter as to the issue of a change in custody, but ordered interim custody and visitation for the parties. Specifically, the court continued domiciliary custody with Mr. Glover and granted the mother visitation with the child every other Saturday in the presence of an off-duty police officer, the cost of which was ordered to be shared by the parties.
On August 13, 1991, Georgia Tooley filed a rule for sole custody or, in the alternative, that she be named domiciliary parent, claiming that it was not in the child’s best interest to remain with Charles Glover.
No further action was taken on the pending rules until May 25, 1993, when Georgia Tooley filed a rule to modify visitation pending a hearing on the rules previously filed. The request included a request for contempt of court against Charles Glover for failing to allow the minor child to visit with Georgia Glover, a preliminary Iginjunction directed unto Charles Glover restraining and enjoining him from advising health and hospitalization insurance companies not to pay certain medical and counseling bills incurred by Georgia Tooley on behalf of the minor child, expanded visitation for the purpose of taking the child to counseling and excluding supervision by an off-duty police officer, and the appointment of an attorney for representation of Aric Glover.
Charles Glover filed a rule for contempt to make past-due support executory, to obtain an income assignment order, and to increase child support.
The trial court entered judgment dismissing the claims of Georgia Tooley for modification of visitation rights and contempt of court against Charles Glover. The court maintained the earlier judgment of August 15, 1991, which provided for supervised visitation. The claims of Charles Glover for an increase in child support were dismissed. Further, the court ordered that there be judgment allowing Georgia Tooley access to all records of the child, including school and medical, except those which would enable her to determine the schedule of the child. The court found Georgia Tooley in contempt of court, sentencing her to a suspended sentence of five days in jail. She was assessed the sum $1300 for child support arrearage which was made executory. The court further ordered an income assignment order to be served upon Georgia Tooley.
Georgia Gilbert Tooley appeals that portion of the judgment which maintained the restrictive visitation. She claims that the trial court erred in failing to lift the visitation restriction, in failing to expand visitation to allow her access to the child (to facilitate counseling to reestablish the relationship between the mother and the child), in failing to consider the best interest of the child, and in not allowing her to post bond to insure compliance with visitation orders unless both parties consented to the bond procedure.
^DISCUSSION
Louisiana law establishes a presumption in favor of joint custody of the children of the marriage. LSA-C.C. Art. 131 (now LSA-C.C. Arts. 131-136, effective January 1, 1994); Yelverton v. Yelverton 621 So.2d 36 (La.App. 2d Cir.1993); Guillory v. Guillory, 602 So.2d 769 (La.App. 3d Cir.1992).
In all cases involving a change of custody after an original award,. permanent custody of the child shall be granted to the parents in accordance with LSA-C.C. Art. 131. Any order may be modified if it is shown that the best interest of the child requires modification or termination of the order. LSA-C.C. Art. 131(E); Pulley v. Pulley, 587 So.2d 116 (La.App. 2d Cir.1991).
In deciding whether or not the trial court erred in modifying or failing to modify an original decree, it is necessary to determine whether the original judgment was a considered decree. A considered decree is one rendered subsequent to the presentation of evidence as to the fitness of a party to have the care, custody and control of the children. Schubert v. Schubert, 605 So.2d 666 (La.App. 2d Cir.1992), writ denied, 609 So.2d 230 (La.1992); Hillidge v. McFarland, 566 So.2d 192 (La.App. 2d Cir.1990); Dungan v. Dungan, 499 So.2d 149 (La.App. 2d Cir.1986). When a court has made a considered decree of permanent custody, the party seeking a change bears a heavy burden of proving that continuation of the present cus *1035 tody is so deleterious to the child as to justify the modification of the custody decree, or of proving by clear and convincing evidence that the harm that is likely to be caused by the change in environment is substantially outweighed by the advantages to the child. Bergeron v. Bergeron, 492 So.2d 1198 (La.1986); Schubert v. Schubert, supra; Murray v. Murray, 521 So.2d 754 (La.App. 2d Cir.1988).
Where there has not been a considered decree, the heavy burden of proof is not applicable, but there must be a showing of a change of circumstances since the original decree and that a change of custody is in the best interest of the child. Schubert v. Schubert, supra.
I5A trial court’s award of custody is entitled to great weight and will not be disturbed on appeal unless an abuse of discretion is clearly shown. Bergeron v. Bergeron, supra; Yelverton v. Yelverton, supra; Odom, v. Odom, 606 So.2d 862 (La.App. 2d Cir.1982).
In this case, the original custody decree has been modified on two occasions. Originally, the parties had joint custody with specific visitation provisions set forth in a joint custody implementation plan. By judgment rendered in July of 1989, summer visitation was modified by the court. Further, in July of 1991, the father of the minor child refused to return the child to the mother for her scheduled summer visitation after a scheduled weekend with him, which resulted in a writ of habeas corpus being filed by the mother. At this time the court denied the mother’s request for return of the child based upon the court’s finding that it was not in the best interest of the child in the light of evidence which the court opined presented a clear and present danger that the mother would abscond with the child to another jurisdiction.
Accordingly, the court instituted the present visitation scheme. Thus, the present visitation and accompanying best interest determination was made in the habeas corpus proceeding. This restricted visitation remained in effect until the instant rule for modification was heard in 1993. Under these circumstances, it is a bit difficult to determine whether the Bergeron double burden is applicable. Of course, the party asserting applicability thereof has the burden of establishing its applicability. Odom v. Odom, supra. Neither party asserts the applicability of the heavier burden. However, because we determine that Ms. Tooley has failed even under the lesser best interest determination, we do not address the applicable burden of proof in this instance.
The evidence presented at the present hearing included a transcript of the prior hearing on the writ of habeas corpus of August of 1991. At that time, Mrs. Tooley admitted that she considered removing the minor child from the jurisdiction of the court due to her feelings that her husband would not seek psychological help for the |6child. In that vein, Mrs. Tooley quit her job, bought a new van, and moved her things into a priest-friend’s home. She claimed that she moved her things in order that she could make room to refurbish her home. She also admitted at that time that she had been in contact with, and had in fact visited with, a priest in Ohio in order to establish living arrangements for the minor child. Mrs. Too-ley also admitted that she falsified her identity in order to attain a Texas driver’s license and purchase a van. It was based upon this evidence that the court ordered restricted visitation at that hearing.
At the present hearing on change of custody, the evidence revealed that Mrs. Tooley had pled no contest to a felony charge for the falsification of the documents and had been sentenced to a year of probation in 1992. Mrs. Tooley admitted she was planning to leave the jurisdiction of the court in 1991, in contradiction to what she had earlier suggested at the 1991 hearing. Documents further revealed that she had in fact transferred ownership of her home to the priest-friend in 1991, although she persisted in her explanation that the transfer was for the purpose of repairing her home. She had further arranged to have her retirement check sent to the priest’s address, claiming that she owed him reimbursement for private school fees for her older son. At the time of this hearing, Mrs. Tooley was employed by St. John *1036 Berchman’s Catholic Church in Shreveport for the 1993-94 school year. Mrs. Tooley did express remorse for her past actions. She also testified that the present visitation arrangement impairs her relationship with her son.
Dr. Gerald Baker, the court appointed psychologist in the case, indicated that the child does in fact still experience tension and strife when dealing with or discussing his mother. He felt that it was important that the child work out those difficulties with his mother. He did testify, however, that he has had very little contact with Mrs. Tooley on this matter and offered no evaluation of her psychological state at the time of trial.
A review of this evidence fails to prove a change in circumstances sufficient to justify a modification of the custody order restricting visitation in 1991. Clearly, the ^mother has shown a proclivity toward secreting or planning to transfer the child to other locations. Such is evidenced by a civil warrant issued against her in 1988 for the return of the child after she refused to return Aric to his father, as well as her admission to planning to abscond with the child in 1991 due to her belief that he needed psychiatric assistance.
While we recognize the importance of the mother-child relationship, Mrs. Tooley has presented no evidence, other than her self-serving testimony, relating to a change in these inclinations. Mrs. Tooley’s past actions demonstrate instability and at least a tendency to overreact in certain circumstances relating to her son. She has presented no professional or expert evidence which would indicate that these tendencies have been alleviated or would demonstrate sufficient stability on her part sufficient to lift the restriction or expand visitation. In fact, she persisted at this hearing in her assertions that Aric still needs psychiatric help. This belief on her part was the catalyst for her prior actions. Of further importance is the fact that since the time of the original judgment restricting visitation, Mrs. Tooley pled no contest to the crime of falsifying her identity and remained on probation with the Texas judicial system at the time of the hearing. When viewed in its entirety, the evidence fails to demonstrate a change in circumstances sufficient to modify the present visitation plan. Because of the great discretion granted to the trial court in these matters, we cannot find an abuse of discretion in the trial court custody award.
Finally, we agree with counsel for Mrs. Tooley that the trial court was in error in his assertions that the posting of bond in order to insure-compliance with a visitation order must be by agreement between the parties. Clearly, under the provisions of LSA-R.S. 9:312, such a ruling is soundly within the discretion of the court upon its own motion or the motion of either party. Because of the nature of the facts surrounding this case, as well as our determination that Ms. Tooley has failed in her burden to show that the modification of the previous custody determination was in the best interest of Aric, we find no abuse of discretion in the trial court’s failure to order |gthat a bond be posted in lieu of the restricted visitation. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.